IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

Melissa A. Blanks,            )
                              )
    Plaintiff,                )
                              )
        v.                    )   No. 09-CV-1137
                              )
Kimberly Hare,                )
Christina Edwards, and        )
Catch a Star Learning Center, Inc.,  )
                              )
    Defendants.               )

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

Plaintiff proceeds pro se on this Title VII case, alleging that her employer discharged her because of her race and in retaliation for her opposition to the racial discrimination against her.

Defendant Catch a Star Learning Center, Inc. ("Defendant"), Plaintiff's former employer, moves to dismiss, asserting that the documents sent by Plaintiff do not comply with the federal rules and that Plaintiff states no federal claim.

Specifically, Defendant asserts that it received a Notice of Lawsuit and Request to Waive Service of Summons and a Waiver of Service of

Summons that failed to name the court in which this action is pending. Further, Defendant contends that the only other document Defendant received was one page that was titled "Complainant," which appears to be one page of the attachments to the Complaint filed in this case. (d/e 7, para. 1, Ex. 1).

Defendant argues that the Complaint should be dismissed because Plaintiff has not complied with Federal Rules of Civil Procedure 10(a)(caption; names of parties), 10(b)(separate paragraphs), and 11(a)(signature of attorney or pro se plaintiff). Plaintiff does not respond to these arguments, except to object generally to dismissal.

It appears on this record that, for reasons unknown, only one page of the Complaint was sent to Defendant, that page being the second page of Plaintiff's discrimination charge filed with the EEOC. Thus, Plaintiff did not send a complete copy of the Complaint to Defendant along with the waiver forms as required by Federal Rule Civil Procedure 4(d)(1)(C). It appears from Defendant's motion that Defendant construed that one page as Plaintiff's entire Complaint. Also, the Notice and Waiver forms sent do not name the court as required by Federal Rule of Civil Procedure 4(d)(1)(B),

but Defendant was able to find the correct court through its own investigation.

Since Defendant has not been mailed a complete copy of the Complaint, Plaintiff has not achieved service under Rule 4.  Defendant's counsel has, nevertheless, laudably signed the waiver of service, indicating that Defendant will not require Plaintiff to serve it with a summons.  (d/e 6).  Defendant also has electronic access to the entire Complaint, which the Court has reviewed and which does comply with Federal Rules of Civil Procedure 10 and 11.  Dismissal for failure to comply with these rules is therefore not warranted.

Defendant also asserts that Plaintiff fails to state a claim for relief.  It is not clear if Defendant means that the one page it received fails to state a claim, or if the entire Complaint fails to state a claim.  It is clear through Plaintiff's attachments to her Complaint that she is pursuing claims that she was fired because of her race and in retaliation for her opposition to the discrimination against her.  She alleges that she was treated unfavorably as compared to similarly situated "non-black employees" by being removed from her teaching room, that she complained about the discrimination and was then fired on the pretext that she had failed to turn in her schedule.

*(See* EEOC/IDHR discrimination charge attached to Complaint). These allegations give Defendant sufficient notice of Plaintiff's claims under Title VII. Tamayo v. Blagojevich, 526 F.3d 1074, 1081, 1084 and n. 2 (7th Cir. 2008)("We previously have stated, on numerous occasions, that a plaintiff alleging employment discrimination under Title VII may allege these claims quite generally."), *quoting* Bennett v. Schmidt, 153 F.3d 516, 518 (7th Cir.1998) (" 'I was turned down for a job because of my race' is all a complaint has to say."). Accordingly, dismissal of the Complaint for failure to state a claim is not warranted.

Given Plaintiff's pro se status and Defendant's willingness to accept service without summons, the Court will recommend that Plaintiff be directed to mail a copy of the entire Complaint to Defendant in order to comply with Rule 4(d)(1)(C). The Court will further recommend that Defendant be given 60 days from a ruling on this Report and Recommendation to file an Answer.

On a separate matter, the Court notes that no waivers of service have been returned for the individual defendants–Kimberly Hare and Christina Edwards. Federal Rule of Civil Procedure 4(m) requires dismissal (without prejudice) of a defendant who has not been served

within 120 days of filing the complaint or, alternatively, an order directing service by a certain time.  Here, however, it appears clear that Hare and Edwards were not Plaintiff's "employer" as that term is defined by Title VII.  Under Title VII, supervisors in their individual capacities are not "employers".  <u>Williams v. Banning</u>, 72 F.3d 552, 555 (7th Cir. 1995)(supervisor in individual capacity is not "employer" under Title VII); <u>Gastineau v. Fleet Mortg. Corp.</u>, 137 F.3d 490, 493-494 (7th Cir. 1998)("while Title VII's definition of 'employer' does include the term 'agent,' Congress intended only for employers to be liable for their agent's actions under the traditional respondeat superior doctrine, not for agents to be personally liable.").  According to Plaintiff's EEOC discrimination charge, Catch a Star Learning Center, Inc., was Plaintiff's employer. Defendant Hare is the Center's Director and Defendant Edwards is Hare's assistant.  (EEOC charge attached to Complaint, p.2).  Thus, the only proper defendant in this Title VII action is the Center.  The Court will therefore recommend that Hare and Edwards be dismissed, sua sponte, because they were not Plaintiff's "employer" under Title VII.  If this recommendation is accepted, Catch a Star Learning Center, Inc., will stay in the case as the sole defendant.

WHEREFORE, the Court RECOMMENDS that Defendant's Motion to Dismiss be denied (d/e 7) and Plaintiff be directed to mail Defendant a copy of the entire Complaint, with Defendant's Answer due 60 days after this Recommendation is ruled upon. The Court further recommends that Defendants Hare and Edwards be dismissed, sua sponte, because they are not considered Plaintiff's "employer" under Title VII. If this recommendation is adopted, Plaintiff's case will proceed solely against Defendant Catch a Star Learning Center, Inc.

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal. Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See also Local Rule 72.2.

ENTER:   August 20, 2009

*s/ Byron G. Cudmore*

_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE