# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| MELISSA A. BANKS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 09-cv-1137 |
| CATCH A STAR LEARNING CENTER, INC., | ) ) ) ) |
| Defendant. | ) ) |

## O P I N I O N and O R D E R

Before the Court is the Motion for Summary Judgment filed by Defendant, Catch a Star Learning Center, Inc. (Doc. 22). The Motion is GRANTED.

### BACKGROUND

Plaintiff, who is proceeding *pro se*, alleges that Defendant, her former employer, treated her unfavorably in her employment and that her employment was terminated on account of her race and in retaliation for her opposition to discrimination. The Charge of Discrimination that Plaintiff filed with the Illinois Department of Human Rights states that she was a child care teacher whose employment was terminated in May, 2008. In a document attached to the Complaint and entitled "Facts & Information," Plaintiff further asserts that, at some unspecified time, she was removed from her regular classroom, the "Shooting Stars" room, and became a "floater" who was placed in other classrooms and who was expected to do janitorial work. Plaintiff further states that the reason given for her termination was because she failed to turn in her "schedule." Neither the

1

Complaint nor the "Facts & Information" document attached to the Complaint are in the form of an affidavit, although both are signed by Plaintiff.

The undisputed facts reveal that Plaintiff is African-American and that she was employed by Defendant from January 6, 2005 to May 9, 2008 as a part-time teacher in the "Shooting Stars" room and as a "floater" who worked in various other rooms. In particular, from June to August, 2007, Plaintiff worked as a floater and from August, 2007 to January, 2008, Plaintiff worked in the Shooting Stars room. (Kimberly Hare Affidavit ¶ 7). Defendant offers no guarantee that any teacher will be assigned to any particular classroom. (Hare Aff. ¶ 9). At the time of her employ, Plaintiff was a student at Western Illinois University. In January, 2008, due to her class schedule, Plaintiff was unavailable to work on Mondays and Defendant reassigned her as a floater. (Hare Aff. ¶ 6). At the same time, Defendant reassigned three other part-time teachers, who are white, as floaters due to changes in their class schedules. (Hare Aff. ¶ 8).

In March, 2008, Kimberly Hare, who is the Director of Catch A Star Learning Center, placed "availability sheets" in the break-room to be completed by part-time teachers, such as Plaintiff. Hare states that the documentation is necessary and mandated by the Illinois Department of Children and Family Services regulations. (Hare Aff. ¶ 10). Hare did not receive a completed form from Plaintiff and informed her of the deficiency on April 28, 2008. (Hare Aff. ¶14). All other part-time teachers, who wanted to be scheduled for work, filled out the form. (Hare Aff. ¶ 13). Hare states that Plaintiff never turned in an availability form and that, by May 9,

2008, she had "filled the schedule with other teachers who had turned in their availability sheets." (Hare, Aff. ¶ 16).

When Defendant filed its Motion for Summary Judgment, Plaintiff was informed, by Notice, that a case dispositive Motion had been filed and reference was made to Federal Rule of Civil Procedure 56. Plaintiff has not submitted any evidence to support her claims.

### STANDARD

Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the responsibility of informing the Court as to portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by demonstrating "that there is an absence of evidence to support the nonmoving party's case." Id. at 325.

Once the movant has met its burden, to survive summary judgment the "nonmovant must show through specific evidence that a triable issue of fact remains on issues on which [s]he bears the burden of proof at trial." *Warsco v. Preferred Tech. Group*, 258 F.3d 557, 563 (7th Cir. 2001); *See also Celotex Corp.*, 477 U.S. at 322-24. "The nonmovant may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits; it must go beyond the pleadings and

3

support its contentions with proper documentary evidence." *Chemsource, Inc. v. Hub Group, Inc.*, 106 F.3d 1358, 1361 (7th Cir. 1997).

This Court must nonetheless "view the record and all inferences drawn from it in the light most favorable to the [non-moving party]." *Holland v. Jefferson Nat. Life Ins. Co.*, 883 F.2d 1307, 1312 (7th Cir. 1989). In doing so, this Court is not "required to draw every conceivable inference from the record -- only those inferences that are reasonable." *Bank Leumi Le-Isreal, B.M. v. Lee*, 928 F.2d 232, 236 (7th Cir. 1991). Therefore, if the record before the court "could not lead a rational trier of fact to find for the non-moving party," then no genuine issue of material fact exists and, the moving party is entitled to judgment as a matter of law. *McClendon v. Indiana Sugars, Inc.*, 108 F.3d 789, 796 (7th Cir. 1997) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). However, in ruling on a motion for summary judgment, the court may not weigh the evidence or resolve issues of fact; disputed facts must be left for resolution at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

## DISCUSSION

Title VII makes it unlawful for an employer "to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 200e-2(a)(1).

A plaintiff may prove intentional discrimination directly, through direct or circumstantial evidence, or indirectly through the familiar burden-shifting method

4

enunciated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Antonetti v. Abbott Laboratories*, 563 F.3d 587, 591 (7th Cir. 2009); *Luks v. Baxter Healthcare Corp.*, 467 F.3d 1049, 1053 (7th Cir. 2006); *Grimm v. Alro Steel Corporation*, 410 F.3d 383, 385 (7th Cir. 2005). Direct evidence can include admissions from plaintiff's employer that the conditions of her employment were adversely changed and she was terminated because of a protected trait or a mosaic of circumstantial evidence that would lead a jury to believe that she was discriminated against because her race. *Luks,* 467 F.3d at 1053. In order to proceed under the indirect burden-shifting method, a plaintiff must first make out a *prima facie* case of discrimination. *Id.* A plaintiff must show that she is a member of the protected class, that she was meeting his employer's legitimate expectations, that she suffered an adverse job action, and that similarly situated persons were treated more favorably. *See Hemsworth*, 476 F.3d at 492; *Antonetti*, 563 F.3d at 591.

Once Plaintiff has established her *prima facie* case, a defendant must produce a legitimate non-discriminatory reason for the employment decision. *Hemsworth*, 476 F.3d at 492; *Antonetti*, 563 F.3d at 591. If the defendant can offer such a reason, the burden then shifts back to the plaintiff to prove the defendant's reason is merely a pretext for discrimination. *Hemsworth*, 476 F.3d at 492; *Antonetti*, 563 F.3d at 591. To show pretext, a plaintiff must do more than show that the defendant's decision was mistaken or foolish, she must show that the defendant did not honestly believe in the reasons offered. *Kodl v. Board of Educ. School Dist. 45, Villa Park*, 490 F.3d 558, 562 (7th Cir. 2007); *Ptasznik v. St. Joseph*

*Hosp.*, 464 F.3d 691, 696 (7th Cir. 2006). That is, a plaintiff must show that defendant's reason was dishonest and that its true reason was based on discriminatory intent. *Stockwell v. City of Harvey*, 597 F.3d 895, 901 (7th Cir. 2010).

Title VII also protects an employee from retaliation for complaining about race discrimination. *See Antonetti v. Abbott Laboratories*, 563 F.3d 587, 593 (7th Cir. 2009) (sex retaliation). In order to establish that she was retaliated against on account of complaints of race discrimination, Plaintiff must show that she engaged in a protected activity and that she suffered an adverse employment action as a result. *See Leonard v. Eastern Illinois University*, 606 F.3d 428, 431 (7th Cir. 2010).

## DISCUSSION

Plaintiff has provided no direct evidence of race discrimination. She points out no instances where Defendant stated that it was terminating her employment or was giving her undesirable duties because of her race. Plaintiff also has provided no circumstantial evidence that race played a role in the changes in her conditions of employment or her termination.

Plaintiff also has not met her burden under the indirect method of proving intentional discrimination. While there is evidence that Plaintiff is a member of a protected class and that she was meeting her employer's legitimate expectations with respect to the quality of her work, Plaintiff has failed to establish that a similarly situated person, not in the protected class, was treated differently or

6

better than her.  It is insufficient to merely hint that there are "other employees" who were re-employed after the summer or that there are "past and present employees" who would testify as to their own mistreatment or how they "feel" that Plaintiff was mistreated.  Even if Plaintiff could establish a *prima facie* case of discrimination, she has provided no evidence from which a reasonable factfinder would find that the employer's reason for her termination was merely a pretext for discrimination.

In addition, Plaintiff has not established that she was retaliated against on account of her complaints of race discrimination.  First, there is no indication in the record that Plaintiff engaged in any statutorily protected activity.  Plaintiff has presented no evidence that she complained on race discrimination to her employer or that she was terminated *after* her Charge of Discrimination was filed.  *See Stephens v. Erickson*, 569 F.3d 779, 786 (7th Cir. 2009).  Plaintiff also has failed to establish any causal relationship between any complaints she may have made and the changes in her job duties of her termination.

Plaintiff may legitimately believe that she was not treated fairly by her employer or that she was not given the opportunity to continue employment with Defendant.  She may also have been given less desirable duties and perhaps terminated for a minor reason.  However, not every material change in an employment relationship rises to the level of a federal lawsuit, especially where there is a complete lack of any evidence that Plaintiff's employment conditions changed because of her race.  *See Brewer v. Board of Trustess of University of Il.*,

479 F.3d 908, 922 (7th Cir. 2007) (noting that the Courts are not a "super-personnel board charged with evaluating the general quality of employment decisions.").

## Conclusion

For the foregoing reasons, the Motion for Summary Judgment filed by Defendant, Catch a Star Learning Center, Inc. (Doc. 22) is GRANTED.

CASE TERMINATED


Entered this <u>7th</u> day of February, 2011

s/ Joe B. McDade
JOE BILLY MCDADE
United States Senior District Judge
